**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CRIMINAL ACTION NO: 01-47-KKC-CJS**
**CIVIL ACTION NO: 15-170-KKC-CJS**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**v.**                          **REPORT AND RECOMMENDATION**

**ALI HADI SAWAF**                                                      **DEFENDANT**

* * * * * * * * * * * *

This matter is before the Court on Defendant Ali Hadi Sawaf's pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, as amended and supplemented, wherein he argues his counsel provided ineffective assistance at the sentencing held after the Sixth Circuit granted his prior § 2255 Motion. (R. 240; R. 242; R. 249). The United States, after obtaining extensions of time, filed its Response in Opposition to Sawaf's Motion to Vacate Sentence. (R. 263). Sawaf, also after requesting and being granted extensions of time, filed a Reply. (R. 273). Having all relevant documents before the Court, this matter is ripe for consideration and preparation of a Report and Recommendation. 28 U.S.C. § 636(b).

This § 2255 Motion is before the Court in a highly unusual posture. Sawaf, having obtained § 2255 relief, was resentenced to a sentence of time served that he agreed be immediately imposed, and he was released that day. He now seeks to have that time-served sentence vacated for the sole reason that he has since learned a time-served sentence precludes him from receiving approximately $200,000 in Social Security benefits he may be able to collect if he is sentenced to 41 months, the

recommended term in the Government's prior plea offer.  (R. 242, at 9; R. 249; R. 273).  To this end, Sawaf argues counsel was ineffective at his § 2255 relief hearing and thus his time-served sentence should be vacated and he should be resentenced to 41 months.  For the reasons stated below, Sawaf is not entitled to § 2255 relief, and it will therefore be **recommended** that Sawaf's Motion under 28 U.S.C. § 2255, as amended and supplemented, and his request for an evidentiary hearing, be **denied**.  (R. 240; R. 241; R. 242; R. 249).

## I.    FACTUAL AND PROCEDURAL HISTORY

On June 28, 2001, a federal grand jury returned an Indictment charging Sawaf, a medical doctor specializing in urology, with eleven counts of unlawful drug distribution for prescribing controlled substances without a legitimate medical purpose in violation of 21 U.S.C. § 841(a)(1).  Sawaf was also charged with three firearm counts for being in possession of a firearm after having been convicted of a felony and domestic abuse in violation of 18 U.S.C. § 922(g).  (R. 1).  During the course of the criminal case the United States and Sawaf, by and through trial counsel Russell D. Alred, engaged in plea discussions.  (R. 222; *see also Sawaf v. United States*, 570 F. App'x 544, 545 (6th Cir. 2014)).  As a result of those discussions, the United States verbally offered Sawaf a plea agreement that included a recommendation he be sentenced to 41 months of incarceration.[1]  *Id.*  Upon the advice of his counsel, Sawaf rejected the United States' plea offer and proceeded to trial.  He was ultimately found guilty of eight of the eleven drug charges[2] and sentenced to a 240-month term of imprisonment.  (*Id.*; R. 60; R. 84).

---

[1] The plea offer was not reduced to writing, but it is undisputed the Government offered a plea agreement that would have resulted in the United States agreeing to recommend a sentence of 41 months and limit the drug quantity findings.  (R. 203; R. 245, at 6).

[2] Sawaf was acquitted on the gun charges and the remaining three drug charges.

On direct appeal, the Sixth Circuit affirmed Sawaf's conviction, but reversed and remanded for resentencing in light of the Supreme Court's then recent decision in *United States v. Booker*, 543 U.S. 220 (2005). (R. 104; *see also United States v. Sawaf*, 129 F. App'x 136, 142-44 (6th Cir. 2005)). However, in its decision, the Sixth Circuit rejected Sawaf's argument that the District Court erred in its calculation of the drug quantity for purposes of determining his base offense level under the Sentencing Guidelines. (*Id*.).

On September 27, 2005, the presiding District Judge entered an amended Judgment resentencing Sawaf to the same 240-month term of imprisonment. (R. 116). Sawaf appealed. (R. 117). On March 13, 2006, the Sixth Circuit vacated that sentence, finding Sawaf had not been provided the opportunity to allocute. (R. 127). On March 13, 2007, the District Court sentenced Sawaf to a 240-month term of incarceration. (R. 155). Sawaf again appealed his sentence and conviction. (R. 156). On July 28, 2008, the Sixth Circuit affirmed the conviction and sentence and also noted "Sawaf also asserts that the district court improperly refused to revisit on remand its determination of the quantity of drugs involved for guidelines purposes. However, this court rejected Sawaf's challenge to the district court's determination on his initial appeal." (R. 162). On November 17, 2008, Sawaf's petition for writ of certiorari to the U.S. Supreme Court was denied, and his conviction became final. (R. 165).

On November 16, 2009, Sawaf filed his first § 2255 Motion through new counsel C. William Swinford, Jr. In it he asserted ineffective assistance of counsel claims, including claims that his trial counsel was ineffective in failing to properly consult with and advise Sawaf about the plea offer and failing to object to the Court's determination of drug quantity at sentencing. (R. 166). Magistrate Judge Edward B. Atkins recommended denial of the Motion without an evidentiary hearing. (R.

183).  After considering Sawaf's Objections to the Report and Recommendation and after conducting an evidentiary hearing, the presiding District Judge denied the Motion.  (R. 213).  Sawaf appealed.  (R. 215).  The District Court granted, in part, Sawaf's request for a certificate of appealability on the issue of whether he met the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) on his claim that his trial counsel was ineffective in failing to advise him of his sentencing exposure under the Sentencing Guidelines before he rejected the plea offer and proceeded to trial.  (R. 220).  The District Court denied a certificate of appealability on the issue of whether counsel provided ineffective assistance in failing to object to the District Court's pill count for purposes of its determination of relevant conduct.  (*Id.*).  Sawaf sought an expansion of the certificate of appealability from the Sixth Circuit, which request was denied.  (*See Sawaf v. United States*, No. 13-5620, Docket Entry 36-2 (6th Cir. Nov. 25, 2013)).  Thus, the Sixth Circuit limited its consideration to Sawaf's claim that he received ineffective assistance of counsel because his counsel failed to advise him of his sentencing exposure under the Guidelines if he rejected the plea agreement and proceeded to trial.  (R. 222).

On June 30, 2014, the Sixth Circuit reversed the District Court's denial of § 2255 relief, finding Sawaf had established he had been prejudiced by his counsel's deficient performance during plea negotiations.  (*Id.*).  Specifically, the Sixth Circuit found Sawaf had demonstrated a reasonable probability that his decision to reject the Government's 41-month plea offer and go to trial would have been different had he been adequately informed that he risked a much lengthier term under the Guidelines.  (*Id.*).  The Sixth Circuit remanded the matter to the District Court "with instructions to administer an appropriate remedy in light of [its] holding that Sawaf is entitled to relief."  (*Id.*).

4

On July 7, 2014, Sawaf, through counsel, filed a Corrected Motion Concerning the Remedy to be Granted upon Remand from the Sixth Circuit and for Bond. (R. 224). In that filing, counsel argued the proper remedy for the Court to impose on remand was to require the Government to offer Sawaf a 41-month plea deal that permits him to enter a plea of nolo contendere and, upon Sawaf's acceptance of that plea offer, the Court should impose a sentence of 41 months. (*Id*.). Counsel further argued Sawaf had already served far in excess of 41 months and should be released to supervised release upon resentencing. Counsel noted in his filing that while the original plea offer did not include the ability for Sawaf to plead nolo contendere, this remedy was being suggested to address the District Court's statement at the evidentiary hearing on the first § 2255 Motion that she did not think she could accept a guilty plea from Defendant because he was continuing to maintain his innocence. (R. 224, at 4).

The Government filed a Response to Sawaf's Motion (R. 224), noting that the District Court had complete discretion in resentencing Sawaf. (R. 226). The Government objected to Defendant's suggestion of a nolo contendere plea, arguing it never would have made such a plea offer. (*Id*.). The Government argued the correct remedy was for the Government to re-offer the plea agreement, and if Defendant accepts the plea agreement, the trial court could then exercise its discretion of whether to vacate the convictions and resentence defendant pursuant to the plea agreement or reject the plea agreement and leave the convictions and sentence imposed following trial undisturbed. (*Id*. at 3) (citing *Lafler v. Cooper*, 566 U.S. 156, 174 (2012)). The Government also noted that the Court was not obligated to impose a 41-month sentence because the plea offer was not a binding plea agreement. (*Id*. at 3-4).

5

Attorney Swinford filed a Reply, reiterating that Sawaf's suggestion of a nolo contendere plea was offered to address the Court's stated concern during the evidentiary hearing on his first § 2255 Motion of whether she could accept a guilty plea from one who professed his innocence. (R. 227, at 3-4). He also objected to what he deemed to be the Government's intent to find a way to keep Sawaf imprisoned for 20 years and to deny him any remedy for his trial counsel's ineffective assistance. (*Id.*, at 1, 2). The presiding District Judge set the matter for a September 24, 2014, hearing on Defendant's Motion. (*See* R. 234; R. 245).

On September 24, 2014, Sawaf appeared before the District Court for the motion hearing. (R. 245). At that hearing, the presiding District Judge stated she had reviewed the parties' submissions, and acknowledged Sawaf "wants his 41-month plea deal reinstated, but instead of pleading guilty, he is asking the court to order the United States to change its original offer from guilty to nolo contendere." (*Id.* at 2). The Government confirmed its objection to a nolo contendere plea, explaining the offered plea agreement required an admission of guilt. It also reiterated that the 41-month recommended sentence was not binding on the Court. The Government explained its position that the Sixth Circuit had not ordered the determination of guilt vacated, and thus the Court could sentence Sawaf to time served, which would not require Sawaf to enter a guilty plea and would permit him to be immediately released and placed on supervised release. (*Id.* at 3-4).

Attorney Swinford represented that if the Court would entertain the Government's suggestion of time served on the original convictions, Sawaf would have to consider it. (*Id.* at 4). He explained that if the matter was set for resentencing he would probably make objections to the pill calculation, although he understood that the pill count had been affirmed on appeal. (*Id.* at 4-8). Counsel stated,

6

however, that the filing of objections to the pill calculation may not be necessary if the Court would entertain the Government's suggestion of a time-served sentence. (*Id*. at 5).

At the hearing, the Court stated it would not require the Government to now offer Sawaf a nolo contendere plea deal, finding it to be an impermissible windfall as the Government had not originally offered such a plea agreement. (*Id*. at 6-7). The Court also stated that while the Government during plea negotiations may have offered to recommend a 41-month sentence, the parties would still have been required to convince the Court to accept it given the relevant conduct. (*Id*. at 6).

The District Judge explained that she intended to sentence Sawaf to time served. She informed all parties that Sawaf could either plead guilty or accept the adjudication of guilt, but regardless the sentence would be time served. The Court specifically stated:

> And I can see one of two ways for us to address this, and that would be for the defendant to enter a guilty plea unequivocally and let me resentence him; or if he agrees that . . . the guilty conviction has not really been vacated, which I hadn't really looked at it from that perspective.
>
> You know, my intent would be to impose a sentence to vary down to serve - - time served.
>
> That's what I [came] in here with a way to do, and I'll just make that clear to everybody.
>
> So whether he takes a plea, waits for a sentencing hearing with a new [Presentence Investigation Report], my intention is going to be to give him time served.
>
> . . .
>
> I am going to give him time served either way we go, so it's really how we get there; and I don't want another appeal and I don't want another habeas petition, so I want this defendant to understand unequivocally what is happening here because it is this court's intention to give the defendant either the opportunity to plead guilty or to

accept the adjudication of guilty.  The result will be the same, a sentence of time served.

(R. 245, at 7-9).

After conferring with Sawaf, counsel advised the Court that Sawaf was prepared to proceed that day, have the Court issue a variance, and sentence him to time served.  (R. 245, at 8; R. 263-1, at 2 ¶ 10).  The Court specifically asked Sawaf, "Dr. Sawaf, do you understand what we are doing here?"  To which, he responded "yes, yes, Your Honor."  (R. 245, at 9).  All parties having agreed that the preparation of a new PSR was not necessary, that Sawaf should be sentenced to time served on the prior adjudication of guilty and released that day, the Court stated:

> The court, because of its extensive familiarity with this case, having heard more than three weeks of evidence at trial, having addressed the case on appeal, post appeal and on habeas, this Court has sufficient information under Rule 32 to exercise its sentencing authority under statute.
>
> Accordingly, . . . it is the judgment of this court that defendant is hereby sentenced to time served.

(*Id.*).  The Court also imposed a 3-year term of supervised release.  (*Id.* at 10-15; R. 237).  Sawaf was advised of his right to appeal.  (*See* R. 245, at 18-19)  No direct appeal was taken.

On September 24, 2015, exactly one year after the resentencing hearing, Sawaf filed the instant § 2255 Motion, which was amended and supplemented on September 28, 2015, and January 27, 2016, respectively.[3]  (R. 240, R. 242; R. 249).  In his pending § 2255 Motion, Sawaf argues that Attorney Swinford provided ineffective assistance at the September 24, 2014, proceeding by failing to advise Sawaf that a sentence of time served instead of a 41-month term of incarceration

---

[3] As the record reflects, due to Sawaf's deficiencies in responding to the Court's Order to supplement his § 2255 Motion (*see* R. 243; R. 244; R. 248) and both parties' multiple requests for extensions of time to file their respective briefs (*see* R. 252; R. 257; R. 261; R. 267; R. 271), the briefing on this Motion was not completed until September 23, 2016.

would result in him being unable to recover more than nine years of Social Security benefits. To support this contention, Sawaf argues that counsel should have objected to the time served sentence, insisted the Court sentence him to 41 months, and objected to the drug quantity calculation contained in the original PSR. Sawaf's filings can also be liberally read to assert non-ineffective assistance of counsel claims, including claims that the Court: violated his Fifth Amendment right to due process when it resentenced him to time served based upon an estimated drug quantity in the original PSR; and violated his Eighth Amendment right against cruel and unusual punishment in sentencing him to time served and not the 41-month term of incarceration originally offered by the Government. (R. 240, at 5; R. 249, at 10-11). Sawaf contends the Court should grant him habeas relief in the form of ordering the Government to re-offer him the 41-month plea agreement and, after he accepts the plea agreement, vacate his prior convictions, accept his guilty plea, and sentence him to 41 months of incarceration.

## II.    ANALYSIS

Under 28 U.S.C. § 2255(a), a federal prisoner may seek habeas relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See* § 2255(a). A § 2255 motion does not have to be founded on constitutional error or even federal law. *Watt v. United States*, 162 F. App'x 486, 502-03 (6th Cir. 2006). However, to succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief under

9

§ 2255 for a nonconstitutional error, a defendant must establish either a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process.  *See Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *abrogated on other grounds as recognized by Kumar v. United States*, 163 F. App'x 361 (6th Cir. 2006); *see also Hicks v. United States*, 122 F. App'x 253, 256 (6th Cir. 2005); *McNeal v. United States*, 17 F. App'x 258, 260-61 (6th Cir. 2001).

In sum, a defendant must allege in his § 2255 motion that: (1) his conviction was the result of an error of constitutional magnitude; (2) his sentence was imposed outside of statutory limits; or (3) there was an error of law or fact so fundamental as to render the proceedings invalid.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).  A defendant must prove his allegations by a preponderance of the evidence.  *Pough*, 442 F.3d at 964.

A.    **Threshold Issues**

Because of the unusual posture of this case, several threshold issues need examination.  First, a federal court may entertain a § 2255 motion only if the prisoner is "in custody . . . *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a) (emphasis added).  The oddity here is that Sawaf is not "claiming the right to be released."  In fact, Sawaf is, and was at the time he filed his § 2255 Motion, on supervised release.  While Sawaf's supervised release subjects him to restraint on his liberty and meets the "in custody" requirement for habeas purposes, *see Maleng v. Cook*, 490 U.S. 488, 491 (1989); *In re Stansel*, 828 F.3d 412, 416 (6th Cir. 2016), he is not claiming the right to be released from custody.  Instead, he seeks a new

10

judgment changing his time-served sentence to a 41-month sentence, which would not lesson any restraint or condition imposed on him, for the sole reason that he believes he can then seek to recover Social Security benefits for the time he was incarcerated above the 41-month term. This is not the purpose of a § 2255 motion. Since Sawaf is not claiming the right to be "released" from custody he is not entitled to the relief he seeks under § 2255. *See cf. Grover v. U.S. Bureau of Prisons*, 182 F.3d 917, 1999 WL 454716 (6th Cir. 1999) (table decision) (finding § 2255 relief not available because prisoner was not seeking "release from incarceration or other physical restraint, but from a fine and subsequently imposed schedule of payment"); *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) (affirming denial of a § 2255 motion challenging imposition of cost of both imprisonment and supervised release because defendant was not seeking right to be released from custody as required to proceed under § 2255).

Second, the Court notes that Sawaf's current claim of ineffective assistance of counsel relates to post-conviction counsel's alleged deficiencies as to his presentation regarding the appropriate remedy the Court should impose in light of his successful claim on his first § 2255 motion.[4] However, there is no constitutional right to an attorney in collateral proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) (citing *Pennsylvania v. Finley* 481 U.S. 551, 555 (1987));

---

[4] While the present Motion is Sawaf's second § 2255 filing, it is not a "second or successive" motion requiring Sixth Circuit approval under 28 U.S.C. § 2255(h). That is because not every numerically second motion to vacate qualifies as a second or successive petition requiring circuit authorization. The Supreme Court has held that a petitioner's "first application challenging his new sentence under [a new judgment] is not 'second or successive' under § 2244(b)." *See Magwood v. Patterson*, 561 U.S. 320, 342 (2010); *Villa-Rodriguez v. United States*, 2:15-cv-02690, 2016 WL 6277861 (S.D. Ohio Oct. 27, 2016) (finding second § 2255 motion not second or successive requiring circuit approval because it was the first challenge to a new judgment) (citing *Magwood*, 561 U.S. at 332-34), *adopted by* 2016 WL 7031637 (S.D. Ohio Dec. 1, 2016); *see also cf. Ajan v. United States*, 731 F.3d 629 (6th Cir. 2013) (finding no certificate of appealability required to appeal new judgment after successful § 2255 motion) (citing *Magwood*, 561 U.S. at 331-34). This is Sawaf's first challenge to the September 24, 2014, Judgment and thus is not a second or successive motion requiring Sixth Circuit approval.

*Zirker v. United States*, No. 3:09-cv-00403, at *10 (M.D. Tenn. May 18, 2017) (denying claim that appointed postconviction counsel was ineffective in failing to file a reply because, among other reasons, there is no right to counsel in § 2255 proceedings and therefore an ineffective assistance of counsel claim does not lie) (citing *Coleman*, 501 at 752-54; *Finley*, 481 U.S. at 555). [A]ny errors of a post-conviction attorney, acting as the agent for his client, are attributable solely to that client." *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005) (citing *Coleman*, 501 U.S. at 753-54). Thus, any errors by post-conviction counsel are attributable to Sawaf.

Further, Sawaf's claim of ineffective assistance of counsel does not implicate the Sixth Amendment. Specifically, Sawaf argues Attorney Swinford violated his Sixth Amendment right to counsel by failing to advise him that a sentence of time-served, instead of a 41-month sentence as was offered to him by the United States in its pretrial plea offer, would have the collateral consequence of him losing the right to recover more than nine years of Social Security benefits.[5] (R. 249, at 14). Whether counsel should have advised Sawaf regarding the effect of his sentence on his Social Security benefits, however, is a matter that falls outside the scope of the Sixth Amendment.[6] The Sixth Circuit has explained:

> The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel *for his defence.*" U.S. Const. Amend. VI (emphasis added). *The right to counsel is not a right to competent legal advice regarding all aspects of the accused's life. Rather, it is a right to "Assistance" in a particular type of legal proceeding–the "criminal prosecution[.]"* *Id*. That right stems from the recognition that, in an adversarial trial, "access to

---

[5] Because it is not necessary to the adjudication of Sawaf's claim of ineffective assistance of counsel, whether Sawaf would, in fact, be entitled to Social Security benefits for the years he served in excess of a 41-month term of incarceration, assuming he were resentenced to a term of 41 months, need not be determined.

[6] Sawaf is not arguing that counsel made affirmative misrepresentations on this issue.

counsel's skill and knowledge is necessary to accord . . . ample opportunity to meet the case of the prosecution[.]" *Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984).

*Parrino v. United States*, 655 F. App'x 399, 402-03 (6th Cir. 2016) (emphasis added) ("Typically, a defendant's failure to consider the numerous potential collateral consequences of a criminal conviction–e.g., prohibitions on certain categories of employment, or future limitations on constitutional rights–does not vitiate a guilty plea.") (citing *United States v. Youngs*, 687 F.3d 56, 61-63 (2d Cir. 2012); *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239-40 (9th Cir. 2011)); *see also United States v. Nelson*, No. 1:08-cr-068, 2011 WL 883999, at *2 (S.D. Ohio Jan. 5, 2011) (finding counsel did not provide ineffective assistance in failing to advise defendant of the collateral consequences of his plea/conviction, including, among others, the consequence that his conviction would preclude him from receiving "federal benefits"), *adopted by* 2011 WL 883973 (S.D. Ohio Mar. 10, 2011).

The Supreme Court's discussion of its ruling in *Padilla v. Kentucky,* 559 U.S. 356 (2010), is informative on this point.[7]  *See Chaidez v. United States*, 568 U.S. 342 (2013).  In *Chaidez*, the Supreme Court explained that prior to *Padilla*, it had not yet determined whether advice of counsel concerning collateral consequences must satisfy Sixth Amendment requirements.  *Id*. at 349-50 (noting that in *Hill v. Lockhart*, 474 U.S. 52 (1985) the Court expressly declined to decide whether the provision of erroneous advice as to a criminal defendant's parole eligibility amounted to

---

[7] Again the oddity of this case presents unusual issues.  Sawaf's argument is based on the premise that his sentence to time served required his agreement.  That is not the case.  It was up to the District Court to determine the appropriate relief and, as explained more fully below, she made clear she intended to sentence Sawaf to time served.  Nevertheless, given Sawaf's agreement to proceed with sentencing on the conviction at that September 24, 2014, hearing, the cases discussing counsel's obligations to properly advise his client of the consequences of a guilty plea are instructive.

constitutionally ineffective assistance of counsel because its decision turned on the prejudice prong of *Strickland*).  The Supreme Court stated that after *Hill* "all 10 federal appellate courts to consider the question decided, in the words of one, that 'counsel's failure to inform a defendant of the collateral consequences of a guilty plea is never' a violation of the Sixth Amendment."  *Id*. at 350 (quoting *Santos-Sanchez v. United States*, 548 F.3d 327, 334 (5th Cir. 2008)).  The Supreme Court explained it found in *Padilla* that because deportation is unique and is a "particularly severe penalty, and one 'intimately related to the criminal process," it should not be exempt from Sixth Amendment scrutiny.  *Id*. at 352.  The Court stated:

> In the normal *Strickland* case, a court begins by evaluating the reasonableness of an attorney's conduct in light of professional norms, and then assesses prejudice.  But as earlier indicated, *see supra*, at 1107-1108, *Padilla* had a different starting point.  Before asking whether the performance of Padilla's attorney was deficient under *Strickland*, we considered (in a separately numbered part of the opinion) whether *Strickland* applied at all.  *See* 559 U.S., at__, 130 S. Ct., at 1480-1482.  Many courts, we acknowledged, had excluded advice about collateral matters from the Sixth Amendment's ambit; and deportation, because the consequence of a distinct civil proceeding, could well be viewed as such a matter.  *See id.*, at __, 130 S. Ct., at 1480-1481.  But, we continued, no decision of our own committed us to "appl[y] a distinction between direct and collateral consequences to define the scope" of the right to counsel.  *Id.*, at __, 130 S. Ct., at 1481.  And however apt that distinction might be in other contexts, it should not exempt from Sixth Amendment scrutiny a lawyer's advice (or non-advice) about a plea's deportation risk.  Deportation, we stated, is "unique."  *Ibid*.  It is a "particularly severe" penalty, and one "intimately related to the criminal process"; indeed, immigration statutes make it "nearly an automatic result" of some convictions.  *Ibid*.  We thus resolved the threshold question before us by breaching the previously chink-free wall between direct and collateral consequences: Notwithstanding the then-dominant view, "*Strickland* applies to *Padilla*'s claim."  *Id.*, at __, 130 S. Ct., at 1482.

*Chaidez*, 568 U.S. at 352-53.  The Supreme Court's holding in *Padilla* is limited to the issue of deportation.  *Id*.

14

Notably, since *Padilla*, neither the Supreme Court nor the Sixth Circuit has extended its holding to any collateral issue other than deportation. *Parrino*, 655 F. App'x at 403; *see also United States v. Nelson*, No. 1:08-cr-068, 2011 WL 883999, at *3 (S.D. Ohio Jan. 5, 2011) ("neither the Supreme Court nor the Sixth Circuit has extended *Padilla* beyond deportation"). Without any binding authority otherwise, extending *Padilla* further to situations regarding counsel's failure to advise a defendant of the potential collateral consequence a sentence may have on his Social Security benefits is unwarranted. Thus, counsel's failure to advise Sawaf regarding the effect a time-served sentence may have on his Social Security benefits falls outside the scope of the Sixth Amendment, and Sawaf's ineffective assistance of counsel claim falls at this preliminary level.

In addition to Sawaf's § 2255 claim deficiencies on several threshold issues, as discussed below, even considering the merits of his claims, Sawaf cannot prevail.

### B.    Merits

#### 1.    Ineffective Assistance of Counsel Claim

To successfully assert an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland*, 466 U.S. at 687; *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). In order to prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id*. at 688. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance." *Id*. at 689.  Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

Deficient performance is considered constitutionally prejudicial, thus meeting the prejudice prong, when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome" or to make the outcome unreliable.  *Id*.  Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691.  When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id*. at 695.  Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry.  *Id*. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

### a.    Sawaf's claim fails under the deficient performance prong.

In his § 2255 Motion, Defendant expressly states that "one reason" he is pursuing the current Motion is to put his case in a posture where he might collect Social Security benefits for the time he spent incarcerated beyond the 41 months originally offered by the Government.[8]  (R. 242, at 9-10).

---

[8] Defendant's Motion notes this as "one reason" for pursuing habeas relief, but he offers no other reasons and his filings indicate it is, in fact, the only reason for his current Motion.  In his Reply brief, Defendant maintains Attorney Swinford's performance prejudiced him because he was resentenced to time

To that end, Sawaf argues Attorney Swinford violated his Sixth Amendment right to counsel by failing to advise him that a sentence of time-served, instead of a 41-month sentence as was offered to him by the United States in its pretrial plea offer, would have the collateral consequence of him losing the right to recover more than nine years of Social Security benefits.  (R. 249, at 14).

To demonstrate ineffective assistance of counsel, Sawaf must establish that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed him by the Sixth Amendment.  *Strickland*, 466 U.S. at 687.  Sawaf does not direct the Court to any authorities on point, binding or persuasive, that support imposing an obligation on Attorney Swinford to advise him that a sentence of time served would have an impact on his Social Security benefits.  In fact, as discussed more fully above, counsel had no duty to advise Sawaf of this potential civil collateral consequence of a time-served sentence.  *See cf. Parrino*, 655 F. App'x at 402-03.

Even if the issue fell within the scope of the Sixth Amendment, Sawaf cannot demonstrate counsel's conduct was constitutionally deficient.  The briefing reflects Sawaf discovered sometime after the September 24, 2014, proceeding that he apparently was not eligible to receive Social Security benefits for the period of time he was serving his sentence.  Sawaf apparently believes that if he is sentenced to 41 months instead of time served, he can collect approximately $200,000 in benefits for the time he was incarcerated beyond the 41-month term.  This has now motivated Defendant to seek to have this District Court revisit his revised sentence and impose the sentence

---

served, "instead of regaining the benefits of his lost 2001 41-month plea bargain offer, which would enable him to recover about 9.5 years of Social Security benefits he lost while incarcerated for 13.5 years." (R. 273, at 6).  Defendant also remarks about a conversation he had with Attorney Swinford after filing the instant § 2255 Motion in which he told Attorney Swinford that his "new habeas corpus filing was simply about obtaining real justice [meaning "his lost 2001 41-month plea bargain offer"] and his Social Security benefits."  (*Id.*).

of 41 months initially offered by the United States in pretrial plea negotiations.[9]  Sawaf appears to understand that given the current procedural posture of his case, the only way to achieve this goal is to assert his counsel was ineffective.  But *Strickland* dictates that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective *at the time*."  *Strickland,* 466 U.S. at 689 (emphasis added).

Here, Defendant was before the District Court for a motion hearing after the Sixth Circuit granted his first habeas filing, directing the District Court to "administer an appropriate remedy in light of [its] holding that Sawaf is entitled to relief."  (R. 222).  Sawaf was still incarcerated on the date of this hearing, continuing to serve time pursuant to the original Judgment.  Certainly Sawaf wanted to be released from prison and have his term of incarceration end.  But at this hearing, Defendant did not seek to have the actual original plea deal reinstated; instead, he wanted the District Court to allow him to enter a nolo contendere plea.  He did not want to plead guilty as the Government would have required him to do under the plea agreement.[10]  In addition to this hurdle to reinstate the plea offer, there was also the reality that this was a non-binding plea offer and therefore it only recommended a 41-month sentence be imposed; it would be up to the District Court

---

[9] In his *pro se* Reply, Defendant explains that "[a]fter the Court re-sentences Dr. Sawaf to his 41-month plea bargain in this case, he will then be able to file with the Social Security Administration to recover about 9.5 years worth of retirement benefits that he did not receive because he was incarcerated and serving his original 20-year sentence.  This will provide a measure of justice for Dr. Sawaf, after he was so poorly represented by Russell Alred at plea bargaining in 2001, and by Mr. Swinford's refusal to advocate at the September 2014 re-sentencing hearing." (R. 273, at 7).

[10] In the Reply brief Defendant filed in support of his Motion for Bond and *Habeas Corpus* Remedy (R. 227), it explains that "if this Court would order and accept a straight guilty plea from Dr. Sawaf, the Government might thereafter seek to indict Dr. Sawaf for perjury, because of an appearance of differences between his sworn testimony at trial and the evidentiary hearing and at the Rule 11 change of plea hearing." (*Id.*, at 2).

to determine the appropriate sentence to impose in light of the Circuit's finding that Defendant was entitled to habeas relief. Defense counsel had also indicated at the hearing that if the case were set for a further resentencing proceeding, Sawaf would likely object to the pill calculation though recognizing it had been affirmed on direct appeal.

At this hearing, the Government stated its position that it would not agree to a nolo contendere plea by Sawaf because the offered plea agreement required an admission of guilt. The Government suggested that, given the Circuit's decision had not mandated Sawaf's prior determination of guilty be vacated, the District Court could sentence Defendant to time served, which would not require Defendant to enter a guilty plea and which he had already indicated he was not willing to do, and allow for his immediate release from prison and placement on supervised release. Defense counsel then remarked that Defendant would consider such an outcome if the Court were inclined to impose a sentence of time served on the original convictions. In addition, counsel noted the filing of objections to the pill calculation would not be necessary if the Court sentenced him that day to time served. District Judge Caldwell then explained her intention was to sentence Sawaf to time served regardless of whether he pleaded guilty or accepted the adjudication of guilty and regardless of whether he is resentenced after a new PSR is prepared or resentenced that day.

Defendant was present in the courtroom throughout the entirety of this proceeding. He conferred with his counsel, and Attorney Swinford then informed the Court that Defendant was prepared to proceed that day, have the Court issue a variance, and sentence him to time served. Judge Caldwell specifically asked him "Dr. Sawaf, do you understand what we are doing here?" and he responded "yes, yes, Your Honor." (R. 245, at 9).

*Strickland* instructs that all of this must be viewed not through the light of the hindsight that has now revealed to Sawaf that he is unable to collect Social Security benefits for the time he was incarcerated as sentenced by the Court. Evaluating the conduct from counsel's perspective at the time, considering all of the circumstances, there simply is no serious error of Attorney Swinford that deprived Defendant Sawaf of the counsel guaranteed him by the Sixth Amendment. The Court informed the parties she would impose a time-served sentence regardless of when the resentencing occurred. By agreeing to proceed that day to be resentenced on the prior conviction, Sawaf was able to be released from prison immediately, and he was not faced with the dilemma of having to decide whether to admit his guilt (and consequently be concerned over whether he would face perjury charges) in order to obtain the Government's plea offer recommendation of a 41-month sentence. Given the circumstances, and knowing the Court was going to sentence Sawaf to time served regardless of when the resentencing occurred, counsel's advice to proceed with the immediate imposition of sentence so Sawaf could be released that day did not fall below an objective standard of reasonableness. The fact that Sawaf now believes a 41-month sentence would be more economically beneficial to him because of how Social Security considers such matters does not change the fact that counsel's conduct at the time of the September 24, 2014, hearing was objectively reasonable. Accordingly, Sawaf has not demonstrated that under the circumstances counsel's failure to advise him of the collateral civil consequence of a time-served sentence on his Social Security benefits constituted deficient performance in violation of his right to counsel under the Sixth Amendment.

20

**b.    Sawaf's claim fails under the prejudice prong.**

While first and foremost Attorney Swinford's performance in not informing Sawaf of Social Security benefit consequences to a sentence of time served was not deficient, and while the failure to show this deficient performance prong alone is sufficient to defeat Sawaf's claim, Defendant has also failed to show that Attorney Swinford's performance in these circumstances was constitutionally prejudicial to him.  It is the *context* of the prejudice that is important here.  That is, and as the Sixth Circuit has noted, Sawaf is entitled to the assistance of counsel *for his defense in this criminal legal proceeding.  See Parrino,* 655 F. App'x at 402-03.  When *Strickland* refers to a defendant suffering prejudice due to errors of his counsel, it is error having such an effect on the judgment that there is a reasonable probability the result of the proceeding would have been different but for the error. *Strickland,* 466 U.S. at 691, 694.  But implicit within that is that the effect on the judgment is *in relation to that criminal proceeding.*  In other words, Sawaf may believe he has been prejudiced because he is not able to collect Social Security benefits for some period of time while he was incarcerated that he now thinks he should have been able to collect.  But even assuming that being unable to obtain Social Security benefits is prejudicial to Sawaf, it is not prejudicial as to this criminal proceeding specifically, which is what is required under *Strickland*.

Moreover, Sawaf does not allege that had counsel advised him a time-served sentence may have an effect on his Social Security benefits that he would not have agreed to proceed with the imposition of a time-served sentence on September 24, 2014, but would have elected to remain in custody and wait for a resentencing hearing.  Nor has he met his burden of demonstrating a reasonable probability that had he waited for a resentencing hearing the Court would have imposed

a 41-month sentence.  Instead, the record demonstrates the presiding District Judge was clear in her intent to sentence Sawaf to time served.

Specifically, at the September 24, 2014, hearing, the District Judge informed all parties she was going to sentence Sawaf to time served whether he pleaded guilty, accepted the adjudication of guilty, waited for a sentencing hearing with a new PSR or proceeded with sentencing that day.  (*Id.* at 7-8).  Upon hearing the Court's intentions, counsel stated: "[w]e discussed that before you came into court and we have briefly discussed it now, and he is prepared to proceed now and have the court . . . do a variance and sentence him to time served."  (*Id*. at 8).  In his Affidavit, counsel outlined the events leading to Sawaf's decision to move forward with the Court imposing a sentence of time served:

> 7.    The United States opposed defendant Sawaf's Motion for bond pending a sentencing hearing.  The Court denied defendant Sawaf's Motion for bond pending a sentencing hearing.

> 8.    The Court then proceeded to treat this hearing as the resentencing hearing.

> 9.    The Court succinctly stated from the bench at the resentencing hearing on September 24, 2014 that it was the Court's intention to resentence defendant Sawaf to time served and that she would do so that day and release defendant Sawaf or that he could remain in custody while his attorney prepared a Sentencing Memorandum and until a pre-sentence report was completed by the USPO and that defendant Sawaf would then return to Court at a later time, possibly 30 days later, and the court would still resentence defendant Sawaf to time served and release him at the later time.

> 10.   At that juncture during the hearing, the affiant, who had already discussed this possibility with defendant Sawaf, again discussed Sawaf's options with Sawaf and Sawaf instructed the affiant that he wished to proceed with his resentencing hearing that day so that he could be released that day with a sentence of time served.

(R. 263-1, at 1-2 ¶¶ 7-10).

Upon hearing from counsel that Sawaf wanted to proceed, the Court specifically asked Sawaf, "Dr. Sawaf, do you understand what we are doing here?" To which, he responded "yes, yes, Your Honor." (R. 245, at 9). All parties agreed that the preparation of a new PSR was not necessary and the Court should proceed to impose a sentence of time served on the prior adjudication of guilty. The District Judge found she had sufficient information based on her extensive familiarity with the case to exercise her sentencing authority and sentenced Sawaf to time served. (*Id.*; R. 237). Based on this record, Sawaf has not demonstrated that had counsel advised him of the potential civil collateral consequence that a time served sentence would have on his Social Security benefits that there is a reasonable probability of a different outcome in his case. The Court was clear she was sentencing Sawaf to time served–not 41 months as counsel had originally requested. Therefore, Sawaf's ineffective assistance of counsel claim also fails on the prejudice prong.

      c.    **Sawaf's arguments of other error do not further his claim for relief**.

To the extent Sawaf's filings can be read as asserting that Attorney Swinford provided ineffective assistance at the September 24, 2014, hearing in not objecting to a sentence of time served, not objecting to the drug quantity calculation contained in the original PSR and not insisting that he be sentenced to 41 months as the Government offered in the original plea agreement, these arguments lack merit. (R. 240, at 1; R. 249, at 12). Notably, these ineffective assistance of counsel arguments are simply additional routes Sawaf is using to try and reach the same destination presented by the first argument; namely, having the District Court revisit its Judgment of time served and impose a different sentence (which Defendant would have be 41 months) for the sole reason that he seeks to collect Social Security benefits for the time he was incarcerated beyond 41 months.

First, Attorney Swinford cannot be constitutionally ineffective for failing to object to a sentence of time served when there was no reason for him to object. The District Judge plainly indicated at the proceeding that she was going to impose a sentence of time served, either that day or at a subsequent sentencing proceeding after a new PSR was prepared to which Defendant intended to lodge objections concerning the relevant conduct drug quantity. Defendant conferred with his counsel in the courtroom and at that time accepted moving forward with resentencing based upon his convictions of guilt, the District Judge concluding that a variance from the Sentencing Guidelines to time served was the appropriate sentence to impose.

Defendant is only now saying that Attorney Swinford should have objected to the time-served sentence because Sawaf has become dissatisfied after having learned it impacts negatively on his ability to recover Social Security benefits. As discussed above, Sawaf's Sixth Amendment right to counsel does not extend to legal advice on all aspects of his life, and counsel had no obligation to become aware of such civil collateral consequences and inform Defendant regarding his government benefits in this criminal proceeding. So the underlying premise for why Attorney Swinford should have known to object and should have objected to a sentence of time served fails. Raising in a habeas proceeding that defense counsel was constitutionally ineffective for failing to object to a sentence of time served is premised upon there being a valid, legitimate reason for counsel to object, a reason he, in order to assist Sawaf effectively, should have known of. There simply was no such reason here.

24

Second, Sawaf contends that in sentencing him to time served the Court relied on the original PSR, which he asserts erroneously determined relevant conduct by estimating the drug quantity.[11] The record demonstrates, however, that Sawaf agreed to proceed with sentencing at the September 24, 2014, hearing without a new PSR because the District Judge was willing to sentence him to time served based on her knowledge and familiarity with the case, which would permit him to be released that day.[12] (R. 245, at 8; R. 263-1, at 2 ¶ 10). Sawaf agreed the Court should proceed with the imposition of a time-served sentence despite hearing his counsel inform the Court that he would likely object to the calculation of the pill count if the Court set the matter for a sentencing

---

[11] In his filings, Sawaf also makes allegations that Attorney Swinford did not properly represent him at the resentencing because he was concerned about his relationship, personal and professional, with the presiding District Judge. These allegations lack any factual support and are belied by the record. The record demonstrates Attorney Swinford made pre-hearing filings that set forth Defendant's position on an appropriate remedy, including that a 41-month sentence be imposed. (R. 224; R. 227). Attorney Swinford also informed the Court at the hearing that he would probably make objections to the pill count if the matter was set for a further sentencing hearing. (R. 245, at 5). These actions contradict Sawaf's unsupported argument that counsel did not argue for a 41-month sentence or raise the issue of drug quantity because of his fear that it would jeopardize his relationship with the presiding District Judge. In addition, the record demonstrates that upon hearing the Court intended to sentence Sawaf to time served, counsel conferred with Sawaf, and Sawaf instructed counsel that he wanted to proceed with resentencing that day so that he could be released with a sentence of time served. (R. 263-1, at 1-2 ¶¶ 7-10).

Sawaf also argues that Attorney Swinford was unhappy that Sawaf filed the present § 2255 Motion, and, in response, was not helpful in providing Sawaf with his original paper files. Sawaf also claims Attorney Swinford withdrew from representing him in a malpractice action against his original trial counsel. However, Sawaf does not articulate how this alleged conduct furthers his ineffective assistance of counsel arguments. Thus, these alleged deficiencies are not considered further.

[12] While Defendant argues at length in his filings that counsel was ineffective for failing to object to the Court's utilization at resentencing of the drug quantity calculation contained in the original PSR for purposes of determining his base offense level, the record does not support a finding that her decision was, in fact, based on that PSR. Instead, the presiding District Judge stated she was exercising her sentencing authority based on her extensive familiarity with the case and having sufficient information under Criminal Rule 32(c)(1)(A)(ii), thus negating the need to obtain an updated PSR. (R. 245, at 9). The record supports a finding that, consistent with *Lafler*, the presiding District Judge considered the original plea offer, relied on her extensive familiarity with the case and exercised her discretion in concluding a time-served sentence was an appropriate remedy under the circumstances of the case.

25

hearing.[13]  (R. 245, at 5).  It is disingenuous for Sawaf to now argue that counsel should have continued to object to the pill quantity when, after hearing the Court's intention to sentence him to time served, Sawaf agreed to immediately proceed with the imposition of a time-served sentence without the preparation of a new PSR.  *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Nor was counsel's performance deficient by not "insisting" upon a 41-month sentence at the proceeding.  Counsel brought the issue before the Court in the way he could, in court filings.  In his briefing, counsel informed the Court that he thought the appropriate remedy was to sentence Sawaf to 41 months upon his entry of a nolo contendere plea.  (R. 224).  But counsel could not have "insisted" upon a sentence of 41 months because the Sixth Circuit did not mandate that as the relief to be imposed.  It was up to Judge Caldwell to determine an appropriate remedy.  No matter in what ways he could have "insisted" or "demanded" the District Court impose 41 months, he could not mandate that she do so.  And also reflected in the record is that counsel was not "insisting" on 41 months at the resentencing because it was not necessary once the Judge indicated she was willing to impose time served that day, which achieved what Sawaf wanted at the time–immediate release.

---

[13] To the extent Sawaf argues that his counsel should have filed the written objections to the drug quantity that Sawaf had prepared and instructed counsel to file prior to the September 24, 2014, hearing, the record also does not support a finding that this failure constitutes deficient performance.  Instead, the record demonstrates that counsel informed the Court that he "would probably" make objections to the calculation of drug quantity if a later sentencing hearing was set.  (R. 245, at 5).  This statement indicates counsel intended to raise the issue, if necessary, at a subsequent hearing.  However, that later hearing was not required when all parties, including Sawaf, agreed the Court should proceed at the September 24, 2014, hearing to resentence Sawaf to time served on the prior adjudication of guilt.

Instead, Sawaf asks the Court to look at counsel's conduct through a hindsight view, knowing now that 41 months would be helpful so that Sawaf can obtain federal benefits that he apparently cannot qualify for under a time-served sentence. As discussed above, reviewing counsel's performance under the benefit of hindsight is not appropriate. Given Sawaf's agreement on how to proceed and the high deference this Court must give to counsel's performance, Defendant has not demonstrated that counsel's conduct in failing to object to a time-served sentence, failing to object to the calculation of the drug quantity in the original PSR or failing to "insist" on a 41-month sentence fell below an objective standard of reasonableness under the circumstances that existed at the time of resentencing. *Id*.

Further, even assuming arguendo that counsel was constitutionally deficient in one or more of these ways, Sawaf has not demonstrated prejudice, i.e. a reasonable probability that such objections would have made any difference in the outcome of the proceeding. *See cf. United States v. Jones*, 308 F. App'x 930, 932 (6th Cir. 2009) (finding defendant could not prevail on prejudice prong of *Strickland* because he had not established a reasonable probability "that, but for his counsel's alleged deficiency, [he] would have received a different sentence"); *United States v. DeGroat*, 102 F. App'x 956, 959-60 (6th Cir. 2004) (finding defendant could not establish reasonable probability that, had her counsel objected to the drug quantity attributed to her, that her sentencing would have been different given that the drug quantity had been affirmed on direct appeal).

In *Lafler,* 566 U.S. at 164-74, the Supreme Court explained that the proper remedy for a valid claim of ineffective assistance of counsel relating to a defendant's rejection of a plea offer is one that

neutralizes the taint of the constitutional violation, but does not grant a windfall to the defendant.

(*Id*. at 170) (quoting *United States v. Morrison*, 449 U.S. 361, 364-65 (1981)).  The Court explained:

> The specific injury suffered by defendants who decline a plea offer as a result of ineffective assistance of counsel and then receive a greater sentence as a result of trial can come in at least one of two forms.  In some cases, the sole advantage a defendant would have received under the plea is a lesser sentence.  This is typically the case when the charges that would have been admitted as part of the plea bargain are the same as the charges the defendant was convicted of after trial.  In this situation the court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea.  If the showing is made, the court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between.
>
> In some situations it may be that resentencing alone will not be full redress for the constitutional injury.  If, for example, an offer was for a guilty plea to a count or counts less serious than the ones for which a defendant was convicted after trial, or if a mandatory sentence confines a judge's sentencing discretion after trial, a resentencing based on the conviction at trial may not suffice.  *See, e.g., Williams [v. Jones*], 571 F.3d [1086, 1088 (C.A. 10 2009)]; *Riggs v. Fairman*, 399 F.3d 1179, 1181 (C.A. 9 2005).  In these circumstances, the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal.  Once this has occurred, the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed.

*Lafler*, 566 U.S. at 170-71.  The Supreme Court explicitly left "open to the trial court how best to exercise that discretion in all the circumstances of the case," and expressly stated that "it is not necessary here to decide as a constitutional rule that a judge is required to prescind (that is to say disregard) any information concerning the crime that was discovered after the plea offer was made.  *Id*. at 171-72.  Thus, under either form of injury, it is for the district judge to exercise its discretion to determine an appropriate sentence.[14]

---

[14] The cases cited by Sawaf in support of his argument that the District Court should have sentenced him to 41 months acknowledge that it is within the sentencing court's discretion whether to impose the recommended sentence agreed to by the parties.  *See Leatherman v. Palmer*, 583 F. Supp. 2d 849, 871-72

Here, the record establishes the District Judge informed the parties of her intent to sentence Sawaf to time served regardless if he entered a guilty plea or agreed to accept the jury's adjudication of guilty. (R. 245, at 7-9). The record also demonstrates that prior to exercising her discretion to determine an appropriate remedy, the presiding District Judge was well aware that Sawaf sought a sentence of 41 months consistent with the recommended sentence originally offered by the Government and that defense counsel was considering making objections to the previous pill calculation. (*See id.* at 5-7). The Court was also aware, from its adjudication of Sawaf's first § 2255 Motion, that the non-binding plea agreement offered by the Government would have limited the drug quantity for purposes of determining relevant conduct and recommended a 41-month sentence.[15] (R.

---

(W.D. Mich. 2008) (applying Michigan law and pre-*Lafler*, finding no authority to require court to accept plea agreement as "[p]etitioner never had the right to compel the sentencing judge to accept any particular sentence"), *aff'd*, 387 F. App'x 533 (6th Cir. 2010); *Ramirez v. United States*, No. 10-10653-DD (11th Cir. May 3, 2012) (remanding for government to reoffer plea and if court accepts defendant's plea to release her because she would have already served more than the maximum term for the charges to which she would have pled guilty); *Ramirez*, No. 04-cv-22395, Docket Entry 132 (S.D. Fl. May 4, 2012) (order on remand directing government to reoffer plea, and noting court has discretion whether to vacate conviction and accept plea or leave conviction from trial undisturbed, ordering briefing on issue); *Ramirez*, No. 1:00-cr-376. Docket Entry 521 (S.D. Fl. May 16, 2012) (after briefing, sentencing court exercised discretion on remand, accepted plea and sentenced defendant to the agreed term of 10 years with credit for nearly 12 years already served).

Further, Defendant's reliance on *Guerrero v. United States*, 383 F.3d 409, 418-19 (6th Cir. 2004), is misplaced. While the Sixth Circuit in *Guerrero* found the district court erred in relying on defendant's repeated claims of innocence as a factor in determining whether the government extended a plea offer to him, the court affirmed the district court's denial of defendant's motion to vacate, finding there was enough additional evidence to support the district court's factual finding that the government had not extended a plea offer to the defendant. Thus, the court held counsel could not be found deficient in failing to communicate a non-existent offer. The holding in *Guerrero* does not further Sawaf's current claim that counsel was ineffective in not objecting to the Court's sentence to time served.

[15] Sawaf concedes that a court may disregard a stipulation of relevant conduct in a non-binding plea agreement when sentencing a defendant. (R. 249, at 12-13). He argues, however, without any evidence or other support, that the judges here, presumably the Eastern District of Kentucky, almost always sentence pursuant to the stipulated relevant conduct. Even assuming arguendo that Sawaf's unsupported statement of judge practices in this District is correct, he admits it is not an abuse of discretion for a sentencing court to disregard such non-binding stipulations in a plea agreement.

203; R. 213, at 11; R. 245, at 6). Yet, the Court stated that it intended to sentence Sawaf to time served. (R. 245, at 6).

Therefore, as the record stands, Sawaf has not demonstrated a reasonable probability that had counsel made objections to a sentence of time served, "insisted" on a sentence of 41 months, and/or objected to the pill quantity calculation contained in the original PSR that he would have received a different sentence. *See Jones*, 308 F. App'x at 932 (finding defendant could not prevail on prejudice prong of *Strickland* because he had not established a reasonable probability "that, but for his counsel's alleged deficiency, [he] would have received a different sentence"); *DeGroat*, 102 F. App'x at 959-60 (same); *see also Winborn v. United States*, 602 F. App'x 298, 302 (6th Cir. 2015) (noting that because the trial judge stated she was unlikely to issue a different sentence regardless of a plea agreement, there was no viable remedy even if Circuit granted relief). Being unable to establish either deficient performance or prejudice, any claim Sawaf is asserting in this regard lacks merit.

### 2. Non-Ineffective Assistance of Counsel Claims are Procedurally Defaulted.

To the extent Sawaf's Motion, as amended and supplemented, can be read as asserting non-ineffective assistance of counsel claims, he has procedurally defaulted these claims.[16] It is well established that a § 2255 motion "is not a substitute for direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim.

---

[16] Specifically, Sawaf's filings can be read as asserting claims that his Fifth Amendment right to due process and Eighth Amendment right against cruel and unusual punishment were violated by the presiding District Court resentencing him to time served and her alleged use of the prior PSR that determined his base offense level by estimating the drug quantity in calculating relevant conduct. (R. 240, at 5; R. 242, at 8; R. 249, at 10-11).

*Bousley v. United States*, 523 U.S. 614, 621 (1998). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause and prejudice or that he is actually innocent. *Id*. at 622 (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). The "hurdle" that a defendant faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). If a defendant fails to establish cause, it is unnecessary to determine if he was prejudiced by the alleged violation. *Bousley*, 523 U.S. at 623. However, a defendant who cannot establish cause and prejudice for his default may still obtain review of his claim in the collateral proceeding if he can establish actual innocence. *Id*.

Here, Sawaf did not appeal the District Court's September 24, 2014, Amended Judgment (R. 237), sentencing him to time served. Nor does Sawaf attempt to demonstrate cause as to why he did not raise his current non-ineffective assistance of counsel arguments in a direct appeal.[17] The record demonstrates that Sawaf was informed of his right to appeal, but apparently decided not to do so. (R. 245, at 18-19). Thus, having failed to demonstrate cause or prejudice for his procedural default or actual innocence of the underlying offenses, Sawaf's non-ineffective assistance of counsel claims are defaulted.[18]

---

[17] To the extent Sawaf's filings can be liberally read as asserting that cause for his procedural default is demonstrated by his counsel's failure to file a direct appeal on these issues, *see* R. 249, at 20, he has not asserted that he directed Attorney Swinford to file a direct appeal challenging the sentence of time served or that he was denied consultation regarding an appeal.

[18] Because Sawaf procedurally defaulted his non-ineffective assistance of counsel claims, the Court need not address his argument that the drug quantity calculation contained in the original PSR was in error and should not have been used at his September 24, 2014, resentencing.

31

## C.     Evidentiary Hearing.

Sawaf requests an evidentiary hearing on his pending Motion.  (R. 240, at 5; R. 242, at 10; 249, at 23; R. 273).  However, no hearing is necessary "where the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).  Here, the record in this case conclusively demonstrates, as discussed above, that Sawaf is not entitled to the relief he seeks. Accordingly, no evidentiary hearing is required, and it will be recommended that Sawaf's request be denied.

## III.     CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant on his § 2255 claims.  A certificate may issue only if he has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought under § 2255).  In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.  In cases where a district court has rejected a petitioner's constitutional claims on procedural grounds without reaching the merits, a COA should issue "when the petitioner shows, at least, that

32

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Defendant's § 2255 claims or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*, 529 U.S. at 484). Accordingly, the undersigned recommends denying a certificate of appealability on Defendant's § 2255 claims upon the District Judge's entry of his final order in this matter.

## IV.    CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court being sufficiently advised, for the reasons stated herein,

**IT IS RECOMMENDED** that:

(1)    Defendant Ali Hadi Sawaf's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, as amended and supplemented, and request for evidentiary hearing (R. 240; R. 241; R. 242; R. 249) be **denied**;

(2)    a Certificate of Appealability **be denied** by the District Court in conjunction with the Court's entry of its final order in this matter;

(3)    Judgment in favor of the United States be entered contemporaneously with the District Court's entry of its final order; and

(4)    this action be **stricken** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within

fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 7th day of August, 2017.



**Signed By:**

*__Candace J. Smith__*

**United States Magistrate Judge**

J:\DATA\habeas petitions\2255 R&R general\01-47-KKC R&R final Sawaf.wpd

34