# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> V. <br><br> **ALI HADI SAWAF,** <br> Defendant. | **CRIMINAL NO. 6:01-CR-47-KKC-CJS** <br><br><br> **OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a report and recommendation (DE 276) from Magistrate Judge Candace J. Smith. For the following reasons, defendant's objections (DE 286) are **DENIED** and the Court follows the recommended disposition (DE 276).

## I. BACKGROUND

The procedural history of this case is extensive. Since the Magistrate Judge provided an accurate and exhaustive account, and defendant Sawaf does not object to that account, it is adopted by this Court. The relevant portions of procedural history are provided below.

On June 28, 2001, a federal grand jury returned an Indictment charging defendant Sawaf, a medical doctor specializing in urology, with eleven counts of unlawful drug distribution for prescribing controlled substances without a legitimate medical purpose in violation of 21 U.S.C. § 841(a)(1). Sawaf was also charged with three counts of being in possession of a firearm after having been convicted of a felony and domestic abuse in violation of 18 U.S.C. § 922(g). (DE 1). As a result of plea discussions, it is undisputed that the United States verbally offered Sawaf a plea agreement that included a recommendation that he be sentenced to 41 months of incarceration. *See Sawaf v. United States,* 570 Fed.Appx. 544, 545

1

(6th Cir. 2014). Sawaf rejected the plea offer and proceeded to trial. Sawaf was ultimately found guilty of eight of the eleven drug charges and sentenced to 240 months of imprisonment. (DE 84). Sawaf appealed the sentence. After twice being vacated, a 240-month term of imprisonment was affirmed by the United States Court of Appeals for the Sixth Circuit on July 28, 2008. In its opinion of affirmation, the Sixth Circuit noted, "Sawaf also asserts that the district court improperly refused to revisit on remand its determination of the quantity of drugs involved for guidelines purposes. However, this court rejected Sawaf's challenge to the district court's determination on his initial appeal." (DE 162).

Sawaf filed his first § 2255 motion on November 16, 2009, alleging ineffective assistance of counsel due to counsel's failure to effectively advise Sawaf regarding the government's plea offer and failing to object to the Court's determination of drug quantity at sentencing. (DE 166). The motion was denied by this Court and Sawaf appealed. The Sixth Circuit limited its consideration to Sawaf's claim that counsel's assistance was ineffective because counsel failed to advise him of his sentencing exposure under the Guidelines if he rejected the plea agreement and proceeded to trial. (DE 222). The Sixth Circuit reversed the District Court's denial of § 2255 relief, finding Sawaf had demonstrated a reasonable probability that his decision to reject the Government's 41-month plea offer would have been different had he been adequately informed of the much lengthier term provided for under the guidelines. (DE 222). The Sixth Circuit remanded the matter to the District Court "with instructions to administer an appropriate remedy in light of [its] holding that Sawaf is entitled to relief." (DE 222).

On July 7, 2014, Sawaf, through counsel, filed a Corrected Motion Concerning the Remedy to be Granted upon Remand from the Sixth Circuit and for Bond. (DE 224). In that filing, counsel argued the proper remedy for the Court to impose on remand was to require the Government to offer Sawaf a 41-month plea deal that permitted him to enter a nolo

2

contendere plea and, upon Sawaf's acceptance of the offer, the Court should impose a sentence of 41 months. *Id.* Counsel noted in the filing that while the original plea offer did not include the ability for Sawaf to plead nolo contendere, this remedy was being suggested to address the Court's concern with accepting a guilty plea from a defendant who was continuing to maintain his innocence. (DE 224, at 4). The Government objected to Sawaf's suggestion of a nolo contendere plea, arguing it never would have made such a plea offer. (DE 226).

On September 24, 2014, Sawaf appeared before this Court for a hearing on the motion. At the hearing, the Government confirmed its objection to a nolo contendere plea, explaining the plea agreement that had been originally offered required an admission of guilt. The Government explained its position that the Sixth Circuit had not ordered the determination of guilt vacated, and thus the Court could sentence Sawaf to time-served, which would not require Sawaf to enter a guilty plea, and would permit him to be immediately released and placed on supervised release. (DE 245 at 3-4).

Counsel for Sawaf, attorney C. William Swinford, Jr., represented that if the Court would entertain the Government's suggestion of time-served on the original convictions, Sawaf would have to consider it. (DE 245 at 4). He explained that if the matter was set for resentencing, he would probably make objections to the pill calculation, although he understood that the pill count had been affirmed on appeal. (DE 245 at 4-8). Counsel stated, however, that the filing of objections to the pill calculation may not be necessary if the Court would entertain the Government's suggestion of a time-served sentence. (DE 245 at 5).

This Court explained that Sawaf could either plead guilty or accept the previous adjudication of guilt, but either way the Court intended to sentence Sawaf to time-served. (DE 245 at 7-9). After conferring with Sawaf, counsel advised the Court that Sawaf was prepared to proceed that day, have the Court issue a variance, and sentence him to time-

3

served. (DE 245 at 8; DE 263-1 at 2). The Court specifically asked Sawaf, "Dr. Sawaf, do you understand what we are doing here?" To which, he responded, "Yes, yes, Your Honor." DE 245 at 9). All parties having agreed that the preparation of a new presentence report was not necessary, and that Sawaf should be sentenced to time-served on the prior adjudication of guilt and released that day, the Court sentenced Sawaf pursuant to Federal Rule of Criminal Procedure 32. Sawaf was sentenced to time-served, released from custody, and placed on a three-year term of supervised release.

On September 24, 2015, exactly one year after the resentencing hearing, Sawaf filed the instant § 2255 Motion, which was amended and supplemented on September 28, 2015, and January 27, 2016, respectively. (DE 240; 242; 249). Sawaf now argues that attorney Swinford provided ineffective assistance at the proceeding on September 24, 2014, by failing to object to the time-served sentence, failing to insist the Court sentence him to 41 months, and failing to object to the drug quantity calculation in the original presentence report. Sawaf also claims that Swinford was ineffective for failing to advise Sawaf that, if he was sentenced to time-served rather than accepting a plea deal re-offered by the Government, Sawaf would allegedly forego nine years of social security benefits. (DE 249 at 14). Sawaf's filings can also be liberally read to assert claims that his due process rights were violated when he was resentenced based upon the drug quantity estimate from the original presentence report, and his rights under the Eighth Amendment were violated when he was sentenced to time-served and not the 41-month term of incarceration originally offered by the Government. (DE 240 at 5; DE 249 at 10-11). Sawaf contends the Court should grant him habeas relief in the form of ordering the Government to re-offer the 41-month plea agreement with a stipulation to drug quantity and, after he accepts the plea agreement, vacate his prior convictions, accept his guilty plea, and sentence him to 41-months incarceration. The Court reviews Sawaf's arguments below.

4

## II. ANALYSIS

### A. Threshold Issues

At the outset, Sawaf objects to the findings of the Magistrate Judge on two threshold issues involved with this petition. First, the Magistrate Judge points out that the language of the statute providing for habeas petitions offers a remedy to those "in custody…*claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…." 28 U.S.C. § 2255(a) (emphasis added). In this case, Sawaf is not claiming the right to be released, but instead seeks a new judgment changing his time-served sentence to a 41-month sentence. (DE 28 at 6). Sawaf is motivated, at least in part, by his belief that such relief would allow him to recover foregone federal benefits. (DE 242 at 9; DE 249 at 14; DE 273 at 6). While the Sixth Circuit has not spoken directly to this type of relief, it is clear that a prisoner merely contesting financial conditions, such as the imposition of a monetary fine or restitution, is not claiming release for the purposes of a § 2255 petition. *See Grover v. U.S. Bureau of Prisons*, 182 F.3d 917, 1999 WL 454716 (6th Cir. 1999); *see also United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995).

Even if the Court were to ignore Sawaf's explicitly stated motivation, it is not clear that § 2255 provides for the remedy sought. Here, Sawaf is not directly challenging financial conditions within the sentence, but instead he is requesting that his time-served sentence be vacated and replaced with a 41-month sentence—essentially that the Court impose a new term of incarceration. It is unclear that such relief would lessen any restraint or condition imposed upon him. Even if Sawaf were given credit for this new term of incarceration, his relief would essentially only re-structure the form of his sentence, having no effect on release. Further, there has been no evidence presented that the mandatory term of supervised release applicable to the first sentence, and being currently served by Sawaf, would not also be applicable to the new term of incarceration. Since Sawaf's petition merely attempts to change

the form of his sentence, at least partly for its effect on monetary and collateral consequences, rather than seeking meaningful release as contemplated by the statute, Sawaf's claims do not fall within the purview of a § 2255 petition. *See* 28 U.S.C. § 2255(a). Sawaf's objection to the Magistrate Judge's finding in this regard is denied.

Second, the Magistrate Judge concluded that Sawaf had no right to counsel under the Sixth Amendment since, "his current claim of ineffective assistance of counsel relates to post-conviction counsel's alleged deficiencies as to his presentation regarding the appropriate remedy the Court should impose in light of his successful claim on his first § 2255 motion." (DE 276 at 11). But Sawaf's objection is well taken. (DE 286 at 4). The Sixth Circuit reversed this Court's denial of Sawaf's first § 2255 petition and remanded "with instructions to administer an appropriate remedy in light of [its] holding that Sawaf is entitled to relief." (DE 222 at 9). Fashioning relief at the following proceeding was not ministerial in nature, but invoked the normal sentencing discretion of the Court. Therefore, Sawaf had a right to counsel at the proceeding on September 24, 2014. *See Hall v. Moore*, 253 F.3d 624, 628 (11th Cir. 2001) ("[I]f the sentencing proceeding is more than ministerial, the presence of counsel is essential to guide the sentencing court in the exercise of its discretion"); *see also Johnson v. United States,* 619 F.2d 366, 369 (5th Cir. 1980).

Whether counsel was effective at the proceeding is an entirely separate question. While Sawaf's pursuit of relief that is inconsistent with the statutory language of 28 U.S.C. § 2225, is enough to deny his petition, the Court nevertheless considers the merits of Sawaf's objections below.

B. **Objections**

For relief under 28 U.S.C. § 2255, Sawaf "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v.*

6

*United States,* 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States,* 334 F.3d 491, 496-497 (6th Cir. 2003)). This Court makes a *de novo* determination of those portions of a recommended disposition to which objections are made. *See* 28 U.S.C. § 636(b)(1)(c). Many of the arguments raised in Sawaf's objections to the Magistrate Judge's findings were also included in his original set of motions for relief under 28 U.S.C. § 2255. *See* (DE 240, 241, 242, 249). This Court will treat the renewed arguments as objections, and review all objections *de novo.*

### i. Ineffective Assistance of Counsel

The majority of Sawaf's objections focus on the Magistrate Judge's finding that there was no ineffective assistance of counsel by attorney Swinford, at or before the final sentencing on September 24, 2014. (DE 286 at 1). For the following reasons, the Court adopts the findings of the Magistrate Judge, and rejects the objections by Sawaf.

A defendant claiming ineffective assistance of counsel must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.

*Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotations and citations omitted). Further, in order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. In this case, the

7

Magistrate Judge is correct in concluding that Sawaf has not proven ineffective assistance of counsel.

    1. <u>Previous Drug Calculation</u>

First, Sawaf argues that attorney Swinford failed to object or advocate regarding the Court's previous determination of drug quantity, thereby providing ineffective assistance of counsel contrary to the Magistrate Judge's findings. (DE 286 at 1-2). But Sawaf cannot show that Swinford's failure to object at his resentencing prejudiced him under *Strickland*. The record is clear that this Court's determination of the drug quantity had already been reviewed and affirmed on appeal by the Sixth Circuit. (DE 162); *see e.g., United States v. DeGroat*, 102 F. App'x 956, 959-60 (6th Cir. 2004) ("Because this court has previously concluded that the district court's calculation of the drug quantity attributable to [defendant] was not clearly erroneous, [defendant] cannot show that she was prejudiced by her counsel's failure to object to the quantity").

Further, the record does not support a finding that Sawaf was re-sentenced based upon the drug calculation in the original pre-sentence report, but instead was sentenced based upon Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), negating the need for an updated presentence report. This Court specifically stated that it was sentencing Sawaf under Rule 32, "because of its extensive familiarity with this case, having heard more than three weeks of evidence at trial, having addressed the case on appeal, post appeal and on habeas…." (DE 245 at 9).

Finally, attorney Swinford noted at the sentencing proceeding that, if the Court were to set the matter for a future sentencing hearing, he would "probably be making objections to the pill calculation, but that may not be necessary." (DE 245 at 5). Indeed, it proved unnecessary. Sawaf agreed, after having discussed with attorney Swinford before and during the hearing, that he understood the Court would be proceeding without an updated

presentence report, and that he was prepared to proceed with the Court providing a variance and sentencing him to time-served that day. (DE 245 at 8-9; DE 263-1 at 2). Sawaf went on to be sentenced to time-served, and any possible or speculative need to object to the drug calculation never materialized. Attorney Swinford's decision to proceed, rather than object, allowed Sawaf to be released from custody without the delay inherent in objecting and awaiting a future sentencing hearing; it was done with knowledge that the Court planned to sentence time-served either way; and the decision proceeded with the consent of an informed Sawaf. (DE 245 at 7). Given these circumstances, attorney Swinford's failure to object to the drug calculation cannot be found to be deficient or prejudicial to Sawaf. *Strickland,* 466 at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

### 2. Swinford's Connection to the Presiding Judge

Second, Sawaf makes allegations that attorney Swinford was ineffective at the resentencing because Swinford was concerned about his relationship, personal and professional, with the presiding Judge. These allegations lack any factual support and are belied by the record. As the Magistrate Judge aptly points out, attorney Swinford made pre-hearing filings that set forth Sawaf's position on an appropriate remedy, including that the government be required to re-offer the original plea deal and the Judge impose a 41-month sentence. (DE 224; DE 227). These filings contradict Sawaf's position that attorney Swinford did not argue for a 41-month sentence or raise the issue of drug quantity because he feared jeopardizing his relationship with the presiding Judge. Further, as mentioned previously, the record shows that attorney Swinford conferred with Sawaf before and during the hearing, and indicated that he would probably file objections if the sentencing were to proceed into the future, rather than culminating in Sawaf receiving time-served. (DE 245 at 5-9; DE 263-

1 at 2). Sawaf agreed to time-served, and so the motions were never filed—Sawaf's contentions of ulterior motives find no support in the record.

### 3. Advice on Future Federal Benefits

Third, Sawaf objects to the Magistrate Judge's conclusion that the current § 2255 motion is being pursued for the purpose of recovering approximately $200,000 in Social Security benefits. Interpreted liberally, this is an objection to the Magistrate Judge's finding on Sawaf's third basis for alleging ineffective assistance of counsel. Namely, that attorney Swinford failed to inform Sawaf that he would lose the right to recover more than nine years of social security benefits if he agreed to time-served, rather than receiving the previous 41-month plea deal. (DE 249 at 14). But this type of collateral advice is not intended to be protected nor required by the Sixth Amendment, and thus does not fall within the ambit of effective counsel. *See Parrino v. United States,* 655 F.App'x 399, 402-03 (6th Cir. 2016) ("The right to counsel is not a right to competent legal advice regarding all aspects of the accused's life"); *see also United States v. Nelson,* No. 1:08-CR-068, 2011 WL 883999 at *2-3 (S.D. Ohio Jan. 5, 2011) (finding no ineffective assistance of counsel where counsel failed to advise defendant of collateral consequences, including that he would be prohibited from "receiving federal benefits" in the future). As such, Sawaf's objection in this regard is denied, and the reasoning of the Magistrate Judge is adopted. (DE 276 at 12-15).

### 4. Time-Served Sentence

Fourth, Sawaf "objects to the Magistrate's conclusion that the District Court acted properly on September 14, 2014, by re-sentencing Dr. Sawaf to 'time served,' without first ordering the Government to re-offer him his original 2001 plea deal, of 41 months, and a stipulation on drug quantity relevant conduct that would have placed him in that sentencing range." (DE 286 at 4). Insofar as this argument implies that attorney Swinford was ineffective in advocating for this position, it is dealt with now. Insofar as this argument

10

attempts to appeal the decision of the District Court, an appeal that is procedurally defaulted, it is dealt with later.

Here, similar to Swinford's decision not to object to the previous drug calculation, Sawaf cannot show that attorney Swinford's lack of insistence, advocacy, or objection to the Court's decision to re-sentence him to time-served, rather than requiring the Government to re-offer the original plea deal, was deficient or prejudicial. As to deficiency, all parties, including an informed Sawaf, agreed to the Court's disposition. (DE 245 at 5-9; DE 263-1 at 2). The decision was favorable to Sawaf, as it released him from custody without having the further delay that re-offering the plea deal and future re-sentencing would require. Attorney Swinford proceeded with Sawaf's approval and procured a benefit for Sawaf, and the Magistrate Judge was correct to find that such conduct fell well within the reasonable professional standard, and was not deficient. *Harrington*, 562 U.S. at 105 ("A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance") (citation omitted). As previously noted, failure to explain potential collateral consequences on future eligibility for federal benefits does not make attorney Swinford's conduct deficient.

While Sawaf cites *Lafler v. Cooper,* 566 U.S. 156 (2012) in support of his position, that case specifically leaves the trial court with wide discretion to find the proper remedy when ineffective assistance of counsel denies a defendant the opportunity to enter into a favorable plea agreement. *See Lafler,* 566 U.S. at 175 ("Today's decision leaves open to the trial court how best to exercise that discretion in all the circumstances of the case"). Here, the Sixth Circuit left this Court with discretion to "administer an appropriate remedy" on remand. (DE 222). This Court was informed by the *Lafler* analysis, and there is no indication that further insistence or objection by attorney Swinford would have created a more favorable outcome for Sawaf. Put simply, there is no indication of prejudice.

*Lafler* specifically allows a court, when fashioning a remedy for a Sixth Amendment violation, to "take account of a defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his or her actions." *Lafler,* 566 U.S. at 171. Here, Sawaf has posited his innocence throughout the proceedings, and the Court previously expressed concerns over its power to accept a guilty plea from such a defendant. (DE 224 at 4; DE 212 at 114). In response, Sawaf requested the Court require the government to offer a 41-month plea deal that permitted him to enter a plea of nolo contendere. (DE 224). Consistent with *Lafler,* the Court specifically found that such a remedy would be a windfall to Sawaf, since Sawaf admits that a nolo contendere plea was never offered originally. (DE 245 at 6-7); *see Lafler,* 566 U.S. at 170 ("[A] remedy must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant[.]") (citations omitted). In response to these concerns, both the parties and the Court, including an informed Sawaf, agreed to proceed with the Court offering a variance down to time-served and release from custody that day. (DE 245 at 8-9; DE 263-1 at 2).

During that process, this Court made it clear that its intention was to sentence Sawaf to time-served whether the plea deal was re-offered, or the Court exercised its power under Rule 32. (DE 245 at 7). As such, Sawaf cannot establish that he was prejudiced by attorney Swinford's failure to insist that the government be forced to re-offer the plea deal. *See United States v. Jones*, 308 F. App'x 930, 932 (6th Cir. 2009) (finding defendant could not prevail on prejudice prong of *Strickland* because he had not established a reasonable probability "that, but for his counsel's alleged deficiency, [he] would have received a different sentence"); s*ee also Winborn v. United States*, 602 F. App'x 298, 302 (6th Cir. 2015) (noting that because the trial judge stated she was unlikely to issue a different sentence regardless of a plea

agreement, there was no viable remedy even if Circuit granted relief). Therefore, the finding of the Magistrate Judge is adopted, and Sawaf's objection is denied.

### ii. Procedurally Defaulted Arguments

Sawaf's claims that do not assert ineffective assistance of counsel claims, including his claims that the Court's original pill count determination violates his due process and Eighth Amendment rights, have been procedurally defaulted. A petition under section § 2255, "is not a substitute for direct appeal." *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003). Since he failed to assert these claims on direct appeal following his sentencing, if Sawaf is to raise them now, he "must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Id.* (citing *Bousley v. United States,* 523 U.S. 614, 622 (1998). It is a "well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady,* 456 U.S. 152, 166 (1982). In this case, the drug quantity calculation has previously been affirmed by the Sixth Circuit, Sawaf did not directly appeal his sentence of time-served, and he has not presented this Court with good cause for his failure to directly appeal or evidence of actual innocence. Sawaf's objections in this regard are denied, and the reasoning of the Magistrate Judge is adopted.

C. **Request For Evidentiary Hearing**

Sawaf requests an evidentiary hearing on his pending Motion. (DE 240; DE 242; DE 249; DE 273). As a result of the longevity of this case, the record, pleadings, and transcripts are extensive and extremely detailed. Further, this Court conducted the original trial and has been familiar with its subsequent stages. Here, no evidentiary hearing is necessary because the record conclusively demonstrates that Sawaf is not entitled to relief. *See Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999).

D. **Certificate of Appealability**

In the case of a § 2255 petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has further explained that the standard of § 2253(c)(2) is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Welch v. United States,* 136 S.Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). In this case, the issues presented are not adequate enough to deserve encouragement to proceed further, and no reasonable jury could find that Sawaf's claims that his counsel acted ineffectively could be resolved in a different manner. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). As such, the recommendation of the Magistrate Judge is adopted, and no certificate of appealability shall issue.

III. **Conclusion**

For the foregoing reasons, and with the Court being otherwise sufficiently advised, it is **HEREBY ORDERED** that:

1) Except where this Order expressly deviates, the recommended disposition (DE 276) is **ADOPTED** as the Court's opinion;

2) Defendant Sawaf's objection to the recommended disposition (DE 286; 287) is **DENIED**;

3) Defendant Sawaf's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody and request for evidentiary hearing (DE 240; 241; 242; 249) is **DENIED**;

4) A certificate of appealability **SHALL NOT ISSUE** because Defendant has failed to make a substantial showing of the denial of a constitutional right; and

5) A separate judgment shall issue.

Dated January 4, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY