UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>V.<br><br>ALI HADI SAWAF,<br><br>  Defendant. | CRIMINAL ACTION NO. 6:01-47-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

The matter is before the Court on defendant Ali Hadi Sawaf's motion to vacate and set aside the Court's November 15, 2024 (DE 298) order. (DE 301.)

The defendant moves the Court to set aside its November 15, 2024, order denying his petition for a writ of error coram nobis. The defendant moves pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6) on the grounds that the Court failed to consider controlling law on issues before the Court—resulting in legal error. The Sixth Circuit "has recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers of Am.*, 770 F.2d 449, 451 (6th Cir. 1985) (citing *Barrier v. Beaver,* 712 F.2d 231, 234 (6th Cir.1983)). Accordingly, the defendant's motion is properly analyzed under Rule 60(b)(1), and Rule 60(b)(6)'s catch-all provision is inapposite.

The November 15th order cited caselaw which previously limited coram nobis relief to errors of *fact*. Applying that law, the Court denied the defendant's petition because the defendant's claimed entitlement to relief was based on a perceived error of *law*. In his motion to vacate, the defendant correctly observes that the November 15th order failed to consider controlling law which extends coram nobis relief to both errors of *fact and law*. The November 15th order is thus subject to relief under Rule 60(b)(1) due to a legal error.

1

The Court further notes that the instant motion is timely. Rule 60 requires that a motion for relief from judgment be made within a reasonable time—generally not more than one year. The Sixth Circuit, however, imposes a more stringent time limitation on Rule 60(b)(1) motions based on legal error. "A 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Pierce*, 770 F.2d at 451.

In civil cases[1], the period for appeal is governed by Federal Rule of Appellate Procedure 4(a). That rule states that a party has sixty days to appeal after the entry of the order being appealed when the United States is one of the parties. Fed. R. App. P. 4(a)(1)(B). Here, the United States is a party, and the order the defendant is challenging was entered on November 15, 2024. Thus, pursuant to *Pierce*, the defendant had until January 14, 2025, to file a Rule 60(b)(1) motion on the ground that a legal error had occurred. The defendant's motion is thus untimely as it was filed on June 23, 2025.

However, parties filing outside of the sixty-day period prescribed by Rule 4(a)(1)(B) are not entirely without recourse. Rule 4(a)(6) authorizes district courts to reopen the time in which a party may appeal, and thus file a Rule 60(b)(1) motion pursuant to *Pierce*, if

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The Court finds that all of Rule 4(a)(6)'s conditions are present here. The record demonstrates that the defendant did not receive the Court's November 15th order within twenty-one days after entry, the defendant filed his Rule 60(b)(1) motion within fourteen days of receiving

---

[1] Coram nobis actions are "civil in nature and subject to the civil rules of procedure." *United States v. Johnson*, 237 F.3d 751, 754 (6th Cir. 2001) (citation omitted).

notice of the Court's November 15th order (*see* DEs 299, 300), and no party would be prejudiced.

Accordingly, the Court finds that the defendant's Rule 60(b)(1) motion to vacate is timely and should be granted. The Court therefore ORDERS that:

(1) The defendant's motion to vacate (DE 301) is GRANTED;

(2) The Court's order, entered November 15, 2024, (DE 298) is VACATED and SET ASIDE; and

(3) The United States SHALL FILE a response to the defendant's petition for a writ of error coram nobis (DE 295) on or before July 23, 2025.

July 2, 2025

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY