**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL ACTION NO. 6:01-47-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION and ORDER** |
| **ALI HADI SAWAF,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on Defendant Ali Hadi Sawaf's motion to vacate and set aside and/or for an extension of time. (R. 322). Sawaf's motion is only partially compliant with the Court's February 2, 2026 Order. (*See* R. 321.)

## I.   FACTUAL BACKGROUND

By prior Order (R. 310), the Court denied Sawaf's petition for *writ of coram nobis*. Eight days later, Sawaf filed a document styled as a motion for extension of time to file a reply (R. 311). The Court construed that filing as a motion for reconsideration and granted Sawaf leave to file a supporting memorandum on or before November 14, 2025. (R. 312.) Since then, the Court has granted Sawaf four extensions. (R. 314, 316, 318, 321.)

In the Court's Order granting Sawaf a fourth extension of time, he was ordered to file a "*Memorandum in Support of Motion for Reconsideration*, correctly titled," on or before February 28, 2026. (R. 321.) In that same Order, the Court granted Sawaf leave to file a motion to vacate and set aside the Court's October 6, 2025 Order, which denied his *writ of coram nobis*. (*Id*.) Sawaf did not timely file that motion. (*See id*; R. 322.)

On March 2, 2026, after the deadline had passed, Sawaf filed his motion to vacate and set aside the Court's October 6, 2025 Order. (R. 322.) Sawaf did not, however, file a

memorandum in support of motion for reconsideration, as directed by the Court. (*See* R. 321.) Instead, Sawaf asks for a fifth extension of time to file a motion for reconsideration "if the court fails to vacate and set aside." (R. 322 at 3.) Although the Court could deny Sawaf's present motion as untimely, the Court will address it on the merits. *See United States v. Burrell*, 114 F.4th 537, 549 (6th Cir. 2024) ("The underlying claims from such an untimely motion are treated as forfeited.").

## II. ANALYSIS

### A. Motion For Extension of Time

In the event the Court denies his present motion to vacate and set aside, Sawaf requests an additional thirty days to file a motion for reconsideration. (R. 322 at 3.) This marks Sawaf's **fifth** request for an extension of time to file such a motion.

The Court finds this repeated delay unacceptable. Its patience and leniency in accommodating these requests have been fully exhausted. For purposes of **clarity** and **finality**, the Court will grant Sawaf **one final extension**. Sawaf shall file a memorandum in support of his motion for reconsideration no later than Friday, June 12, 2026. **No further extensions will be granted under any circumstances.**

### B. Motion to Vacate and Set Aside

Sawaf moves "pursuant to Rule 60(b)" to vacate and set aside its October 6, 2025 Order. (R. 322 at 1.) Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)). Sawaf does not specify the subsection pursuant to which he seeks relief from judgment. Because none of the first five enumerated grounds apply, the Court considers whether relief is justified under the "catch-all" provision, Rule 60(b)(6).

The decision to grant a Rule 60(b) motion lies within the sound discretion of the district court. *See Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Relief under Rule 60(b)(6) is available only in "exceptional or extraordinary circumstances" not encompassed by the other subsections. *Id.* To prevail, the movant must show "unusual and extreme situations where principles of equity mandate relief." *Dumphord v. Gabriel*, Civil Action No. 5: 20-461-DCR, 2021 U.S. Dist. LEXIS 207242, at *6 (E.D. Ky. Oct. 27, 2021) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).  A Rule 60(b) motion cannot be used simply to relitigate issues already resolved. *McNeil v. United States*, 113 F. App'x 95, 97-98 (6th Cir. 2004).

Sawaf's motion raises matters that have been previously addressed. He again relies on *Xiulu Ruan v. United States*, 597 U.S. 450 (2022), and the Sixth Circuit's Pattern Jury Instruction 14.01C(D). (R. 322 at 2.) He asserts that the transcript of his trial testimony satisfies *Ruan*'s subjective standard. (Id.) The Court, however, has already examined trial testimony, the *Ruan* decision, and Pattern Jury Instruction 14.01C(D) in detail. (*See generally* R. 310.)

Sawaf fails to demonstrate that his case meets any of the enumerated grounds under Rule 60(b). *Unknown Dellatifa*, 357 F.3d at 543. The substance of his motion is an attempt

3

to relitigate issues previously addressed. His arguments merely reassert previously rejected claims and do not present the "exceptional circumstances" required for Rule 60(b)(6) relief. *Blue Diamond Coal*, 249 F.3d at 524. Accordingly, Sawaf's motion will be denied.

### III. CONCLUSION

For the aforementioned reasons, the Court hereby **ORDERS**:

1) Sawaf's Motion to Vacate and Set Aside (R. 322) is **DENIED**.

2) Sawaf's Motion for Extension of Time (R. 322) is **GRANTED**.

3) Sawaf **SHALL FILE** a *Memorandum in Support of Motion for Reconsideration*, correctly titled, on or before Friday, June 12, 2026. This is Sawaf's **only** and **final** opportunity to do so.

4) The United States **SHALL FILE** a response within thirty (30) days after Sawaf's filings.

5) The Clerk of the Court is **DIRECTED** to send a copy of this Order to Sawaf's address of record.

This 7th day of April, 2026.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**